# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tramell D. Knight aka Traemell D Knight-Craig <br>       Debtor | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY <br>       Movant <br> vs. | NO. 17-18197 MDC |
| Tramell D. Knight aka Traemell D Knight-Craig <br>       Debtor <br><br> William C. Miller, Esquire <br>       Trustee | 11 U.S.C. Section 362 |

**AMENDED STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. This stipulation hereby amends and supersedes the stipulation approved by this Court on August 25, 2020.

2. The post-petition arrearages referenced in the motion for relief have been cured, and Debtor(s) is/are current on post-petition loan payments through September 1, 2020.

3. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due October 1, 2020 in the amount of $514.21.

4. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

6. If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date:   September 10, 2020              By: */s/ Rebecca A. Solarz, Esquire*
                                            Attorney for Movant

Date: *September 18, 2020*              */s/ David M. Offen, Esquire*
                                         David M. Offen, Esquire
                                         Attorney for Debtor

Date:  September 22, 2020               /s/ LeeAne O. Huggins           No Objection
                                         William C. Miller, Esquire
                                         Chapter 13 Trustee

Approved by the Court this  23rd  day of    September   , 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge